THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSE ALFREDO MALDONADO-RAMIREZ, *et al.*,<br><br>  Defendants. | CASE NO. CR21-0174-JCC<br><br>ORDER |

Before the Court is Defendants' motion for appointment of Russell Aoki as coordinating discovery attorney (Dkt. No. 186.) The Court understands that the Government does not oppose this request. Having thoroughly considered the Defendants' submission and the relevant record, the Court GRANTS their motion.

This is a controlled-substances prosecution resulting from an 18-month wiretap investigation. (*See generally* Dkt. No. 198 at 1–2.) As such, the case involves a large volume of discovery. (Dkt. No. 186 at 2.) Defendants ask the Court to appoint Mr. Aoki as a coordinating discovery attorney to advise defense counsel on logistical issues relating to discovery, which would promote order and efficiency. (*Id.*)

Finding good cause, Defendant's motion (Dkt. No. 186) is GRANTED. Russel M. Aoki of Aoki Law PLLC is APPOINTED as Coordinating Discovery Attorney ("CDA") for court-

appointed defense counsel. The CDA shall oversee any discovery issues common to all Defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all Defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the CDA shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

The CDA's duties do not include providing legal representation services, and therefore will not be establishing an attorney-client relationship with any of the Defendants. Discovery intended for counsel of a specific Defendant, and not to be shared among all defense counsel, must be produced by the Government directly to defense counsel for that defendant. Discovery issues specific to any Defendant must be addressed by counsel for that Defendant directly with the Government and not through the CDA.

For any common discovery already produced by the Government before this Order, it shall provide a copy to the CDA within 14 days. Any additional discovery not already produced

shall be provided directly to the CDA, who shall duplicate and distribute the discovery to all defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the CDA. The Government shall work with the CDA to provide discovery in a timely manner.

The CDA shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for such services including confirming that the work previously agreed upon was performed. However, the CDA's time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The CDA shall also provide this Court with monthly *ex parte* status reports describing the status of work and whether that work remains within the budget of any funds authorized by the Court, with a copy of each report provided to defense counsel.

SO ORDERED this 14th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE