THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>JOSE ALFREDO MALDONADO-RAMIREZ, *et al.*,<br><br>          Defendants. | CASE NO. CR21-0174-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant Angelique Marie Easton's motion to continue trial (Dkt. No. 359). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

       The basic facts and procedural posture of this case are laid out in a previous Order and will not be restated here. (*See* Dkt. No. 198.) In the time since the previous continuance Order, six defendants have pleaded guilty. (Dkt. Nos. 208, 299, 330, 343, 347, 352.) However, trial is still set to proceed for the ten remaining defendants. To date, the Government has produced 190,212 items of discovery, including wiretap recordings, surveillance reports and images, warrants, and other investigative materials. (Dkt. No. 359 at 5.)

       Trial is currently scheduled for November 14, 2022. (Dkt. No. 198.) Defendant Easton seeks a continuance, citing the extensive discovery materials and the fact that multiple

defendants have had new counsel appointed in the last few months. (Dkt. No. 359 at 8–9.) The Government does not object to a continuance. (Dkt. No. 359 at 5.) Of the remaining Defendants, five Defendants agree with the continuance request. (Dkt. Nos. 359 at 5–7; 366.) Defense counsel for two of the Defendants indicated support for a continuance but noted their clients may be hesitant to sign a waiver. (Dkt. No. 359 at 5–7.) One Defendant did not take a position. (*Id.*) Two Defendants, Mr. Kohl and Mr. Healer, oppose a continuance. (Dkt. Nos. 359 at 6, 364.)

The facts that support continuing the trial and excluding the resulting delay are set forth in Defendant Easton's motion to continue (Dkt. No. 359) and include the following: (a) the number of defendants charged; (b) the nature of the prosecution, which involved a lengthy investigation including twelve controlled purchases and six wiretap orders; (c) the volume of discovery; and (d) the need for defense counsel to have an appropriate period to review discovery, consult with their clients, and prepare a defense.

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best of interest of the public and the Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The reasons for this finding are:

1. Failure to grant the continuance would make the continuation of this case impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i);
2. Due to the factors stated above, the case is sufficiently unusual and complex such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself based on the current trial date. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court FINDS the time between the current November 14, 2022 trial date and May 8, 2023 is a reasonable period of delay under 18 U.S.C. § 3161(h)(6) that is excludable as to all joined codefendants.

//

//

It is hereby ORDERED:

1. Defendant Easton's motion for a continuance (Dkt. No. 359) is GRANTED.

2. The current trial date is CONTINUED to May 8, 2023. Pretrial motions will be due April 10, 2023. Parties should consult the Court's Chambers Procedures posted on its website for detailed instruction regarding pretrial submissions and trial procedure.

3. The time from the date of this order up to and including May 8, 2023 is an excludable period under 18 U.S.C. §§ 3161(h)(6) and (7)(A).

DATED this 14th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE